# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-1035V

|  |  |
|---|---|
| DIMITRA CHARISI,<br><br>                 Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                 Respondent. | Chief Special Master Corcoran<br><br>Filed: December 8, 2025 |

*Timothy William O'Hara, Marvin Firestone, MD, JD, and Associates, San Mateo, CA, for Petitioner.*

*Sarah Christina Duncan, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On July 8, 2024, Dimitra Charisi filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration following an influenza vaccine she received on September 22, 2021. Petition, ECF No. 1. On February 14, 2025, I issued a ruling on entitlement finding Petitioner entitled to compensation. ECF No. 18. On April 11, 2025, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 25.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $39,003.46 (representing $37,667.01 in fees plus $1,336.45 in costs). Application for Attorneys' Fees and Costs ("Motion") filed October 6, 2025, ECF No. 29. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 29 at 52.

Respondent reacted to the motion on October 14, 2025, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-3, ECF No. 30. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs to successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The attorney rates requested for work performed through 2024 are reasonable and consistent with our prior determinations and will therefore be awarded herein. Petitioner has requested the hourly rate of $560.00 for 2025 work performed by attorney Timothy O'Hara, representing a rate increase of $30.00 from the previous year. I find the proposed rate to be reasonable and hereby award it herein.

However, regarding paralegal work, Petitioner requests an hourly rate of $225.00 for paralegal work performed by Pat Barrick in 2023 and an hourly rate of $250.00 for paralegal work performed by Pat Barrick in 2025. These rates exceed the Vaccine Program's published hourly range for paralegals for 2023 and 2025, and require adjustment.[3] I will therefore compensate Pat Barrick's paralegal work performed in 2023 at the rate of $186.00 per hour and work performed in 2025 at the rate of $212.00 per hour. These rates are consistent with the Vaccine Program's published ranges for paralegals for those years and reflect the highest rates in the ranges. **This reduces the amount of fees to be awarded by $473.00**.[4]

In addition, a few of the tasks performed by attorney Timothy O'Hara in this matter are more properly billed using a paralegal rate.[5] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Although these billing entries reflect reasonably performed

---

[3] The OSM Attorneys' Forum Hourly Rate Schedules are available on the U.S. Court of Federal Claims website at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

[4] This amount is calculated as follows: ($225.00 - $186.00 = $39.00 x 9.40 hrs) + ($250.00 - $212.00 = $38.00 x 2.80 hrs.) = $473.00.

[5] Entries considered paralegal in nature include drafting requests for medical records, following up on medical records requests and drafting basic documents such as an exhibit list, PAR questionnaire, notice of filing, notice of intent, statement of completion, cover sheet, joint notice not to seek review. See billing entries dated: 7/16/2024 (2 entries), 1/27/2025, 3/7/2025, 5/16/2025. ECF No. 29 at 45-50.

tasks, they must be charged at a reduced rate comparable to that of a paralegal. **Application of the foregoing reduces the amount of fees to be awarded by $630.30.**[6]

## ATTORNEY COSTS

Petitioner has provided supporting documentation for all claimed costs. ECF No. 29 at 22-35. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable, and they shall be awarded in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. Petitioner is awarded attorneys' fees and costs in the total amount of **$37,900.16 (representing $36,563.71 in fees plus $1,336.45 in costs)** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[7]

**IT IS SO ORDERED.**

                                                             **s/Brian H. Corcoran**
                                                             Brian H. Corcoran
                                                             Chief Special Master

---

[6] This amount is calculated as follows: ($530.00 - $197.00 = $333.00 x 0.90 hrs.) + ($560.00 - $212.00 = $348.00 x .95 hrs.) = $630.30.

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.